## HEERMANCE *v.* BRIDGMAN.

### (New York Superior Court—General Term, July, 1893.)

The jury found that, without plaintiff's fault, but through the negligence of defendant, who occupied the upper floor of a building, there was an overflow of water from said upper floor, and goods of plaintiff, who occupied the lower floor, were damaged thereby. *Held,* that with a verdict for plaintiff for $350, the court on appeal would not interfere.

The court allowed defendant to prove that he had directed one of his employees to notify an employee of plaintiff to turn off the stop-cock, and that the message was delivered, but refused to admit conversation by the two employees in the absence of both plaintiff and defendant. *Held,* that there was no error in the ruling; the mere conversation of the two employees was not material.

APPEAL from judgment entered on verdict of a jury, and from an order denying defendant's motion for a new trial.

*Lester W. Clark,* for defendant (appellant).

*Hunt & Rudd (James M. Hunt,* of counsel), for plaintiff (respondent).

GILDERSLEEVE, J.   The plaintiff and defendant were occu-
pants of the building No. 84 Warren street in the city of New
York.   The plaintiff occupied the lower or store floor, which
he had fitted up for refrigeration by insulating the floors and
running pipes in connection with machinery that cooled them
off, and he had goods stored there.   The defendant occupied
the upper floor in the same building.   In the month of Novem-
ber, 1890, the goods stored in the plaintiff's apartments were
damaged by water coming from defendant's apartments, and
it is to recover damages for the injuries caused by such over-
flow of water that the plaintiff brought this suit.   The ques-
tions of fact as to whether this injury was caused through the
negligence of defendant, whether defendant omitted to exer-
cise reasonable care to prevent such overflow, and as to
whether there was any fault on the part of plaintiff, were
properly submitted to the jury by the learned trial court.
The jury, by their verdict, found that the overflow occurred
through the negligence of defendant, without fault on the
part of plaintiff, and they assessed the damages at $350.
With this conclusion of the jury, the General Term will
not interfere, as there is sufficient evidence to sustain the
verdict.

There are no errors in the admission or exclusion of evi-
dence of sufficient weight to warrant a reversal of the judg-
ment.   The court offered to allow defendant to prove that
defendant had directed the witness Grady, an employee of
defendant, to notify Lind, an employee of the plaintiff, to
turn off the stop-cock, and that Grady delivered the message;
but the court was right in refusing to admit mere conversation
on the subject between Grady and Lind, in the absence of both
plaintiff and defendant.   The witness Grady was allowed to
testify that he was directed by defendant to tell Lind to shut
off the stop-cock, and that he delivered the message to Lind.
Any presumption of contributory negligence on the part of
plaintiff, arising from this testimony, was properly submitted
to the jury.   There was no error in the ruling of the court in
this regard.   It was only necessary for defendant to show that

he had discharged his duty. The mere conversation of these two employees was not material. Subsequently, the court refused to allow Grady to testify whether or not Lind had promised to turn the water off, but, as he had already testified that Lind had promised to do so, the defendant cannot be said to have been prejudiced by the ruling. The testimony is as follows: " Q. What did he (Lind) reply, if anything, when the notice was delivered to him? A. *He replied that he would do it,* and he also replied that he could not help doing it, because — " Here the witness was stopped by the court.

There are no other exceptions of sufficient importance to require discussion.

Judgment and order affirmed, with costs.

FREEDMAN, J., concurs.

Judgment and order affirmed.